CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED,
JUN 29 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DERRICK WADDELL ALLEN, ) | |
|     Plaintiff, ) | Civil Action No. 7:06cv00389 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| LT. LEFFEL, et al., ) | By: Samuel G. Wilson |
|     Defendants. ) | United States District Judge |

Plaintiff Derrick Waddell Allen, a Virginia inmate proceeding pro se, brings this action under 42 U.S.C. § 1983, alleging that the defendant correctional employees violated his rights to due process and to be free from cruel and unusual punishment by speaking to him in a "harsh and humiliating" manner regarding his personal hygiene and by requiring him to take daily showers.[1] Allen seeks $3,000,000 in damages. The court finds that Allen's complaint fails to state a claim upon which relief can be granted and, therefore, dismisses this action without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Allen alleges that on several occasions correctional employees have spoken to him in a "loud, harsh, provoking, and humiliating" manner, evincing "their racial tension [and] ethnic hatred." He further alleges that without cause and without an institutional hearing, correctional employees have ordered him to take a daily shower and have advised him that if he refuses to take a shower, he may be placed into segregation.

---

[1] At different points, Allen invokes his rights under the First, Sixth, and Fourteenth Amendments; however, the court finds that his claims are best construed as due process and cruel and unusual punishment claims.

1

## II.

Verbal abuse and harassment by correctional employees, without more, does not state a claim of cruel and unusual punishment. See Cullins v. Cundy, 603 F.2d 825 (10th Cir. 1979) (holding that the Sheriff's actions in laughing at and threatening to hang the plaintiff were not sufficient to show the deprivation of a constitutional right). The constitution does not "protect against all intrusions on one's peace of mind." Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991). Therefore, an institutional employees's verbal harassment or idle threats to an inmate, even if they cause an inmate fear, anxiety, or discomfort, do not constitute an invasion of any identified liberty interest. Emmons v. McLaughlin, 874 F.2d 351, 354 (6th Cir. 1989) (verbal threats causing fear for plaintiff's life not an infringement of a constitutional right); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (calling an inmate an obscene name did not violate constitutional rights); Lamar v. Steele, 698 F.2d 1286 (5th Cir. 1983) ("Threats alone are not enough. A section 1983 claim only accrues when the threats or threatening conduct result in a constitutional deprivation."); Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975) (defamation does not implicate any constitutionally protected right); Keyes v. City of Albany, 594 F. Supp. 1147 (N. D. N.Y. 1984) ("[T]he use of vile and abusive language [including racial epithets], no matter how abhorrent or reprehensible, cannot form the basis for a 1983 claim."). Accordingly, Allen's claims that correctional employees have spoken or continue to speak to Allen in an unprofessional and inappropriate manner, do not state a constitutional claim.

## III.

Likewise, Allen has failed to state a claim of cruel and unusual punishment with regard to correctional officers' directive that he take a daily shower. An inmate is not entitled to relief

simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement, for, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Accordingly, among other things, to state a claim of constitutional significance regarding prison conditions, a plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993). Allen has not alleged that a daily shower has caused or is likely to cause him serious mental or physical harm.

As for Allen's claim that he was entitled to a hearing before officers ordered him to take a shower, "[i]n order to prevail on . . . a procedural . . . due process claim, [an inmate] must first demonstrate that [he was] deprived of 'life, liberty, or property' by governmental action." Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Allen does not have a protected liberty interest in not taking a daily shower. Thus he was not entitled to any procedural due process before correctional officers issued such an order. Sandin v. Conner, 515 U.S. 472, 484 (1995) (holding that protected liberty interests are generally limited to freedom from restraint which imposes atypical and significant hardship on inmate in relation to ordinary incidents of prison life); see also, Wolff v. McDonnell, 418 U.S. 539, 563-64 (1974)(finding that an inmate is entitled to procedural protections only when the loss of statutory good time credits or some other

liberty interest is at issue).[2]

## IV.

For the stated reasons, Allen's complaint is dismissed pursuant to § 1915A(b)(1) for failure to state a claim.

ENTER: This 29th day of June 2006.

_____
UNITED STATES DISTRICT JUDGE

---

[2]Although Allen alleges that correctional officers have advised him that if he refuses to take a shower he may be placed into segregation, he does not allege that he actually has been moved to segregation. Nonetheless, an inmate does not have a liberty interest in being housed at a particular institution or in avoiding isolation or separation from the general prison population. See Sandin, 515 U.S. at 484; Wilkinson v. Austin, 545 U.S. 209 (2005) (holding that, despite general rule that an interprison transfer does not implicate the Due Process Clause, transfer to a so-called "Supermax" facility at which prisoner would experience exceptionally more onerous conditions did implicate the Due Process Clause); Bevarti, 120 F.3d at 502; Meachum v. Fano, 427 U.S. 215, 224 (1976) (holding that a valid conviction "empower[s] the State to confine [an inmate] in *any* of its prisons") (emphasis in original); Montayne v. Haymes, 427 U.S. 236, 242 (1976) (holding that a mere transfer from one facility to another does not implicate the Due Process Clause, regardless of whether the transfer is the result of the inmate's misbehavior or is punitive in nature); Kennedy v. Blankenship, 100 F.3d 640, 642 n. 2, 643 (8th Cir.1996) (holding that placement in punitive isolation was not atypical and significant deprivation even though prisoner faced restrictions in mail, telephone, visitation, commissary, and personal-possession privileges). Accordingly, this fails to raise a claim of constitutional magnitude.